VENABLE LLP
Ari N. Rothman (SBN 296568)
*anrothman@venable.com*
Josephine C. Hall (SBN 360230)
*jchall@venable.com*
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

Attorneys for Defendant
O POSITIV, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE 1 and JANE DOE 2, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

O POSITIV, INC.,

Defendant.

Case No. 3:25-cv-09895-VC

Hon. Vince Chhabria

**DEFENDANT O POSITIV'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. 12(B)(6)**

Hearing Date: March 19, 2026
Time: 10:00 A.M.
Courtroom: 4 – 17th Floor

Action Filed: November 17, 2025
Trial Date: N/A

.

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19, 2026, at 10:00 A.M., concurrent with O Positiv Inc.'s pending motion to compel Jane Doe 2 to arbitrate, or as soon thereafter as the matter may be heard in courtroom 4 – 17th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant O Positiv, Inc. will and hereby does move to dismiss plaintiffs' cause of action under Cal. Penal Code § 632 pursuant to Federal Rule of Civil Procedure 12(b)(6), and the legal authorities cited in the accompanying Memorandum of Points and Authorities.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiffs failed to state a claim under the California Invasion of Privacy Act, Cal. Penal Code § 632, because the communications allegedly intercepted are not confidential as a matter of law as required to sustain a claim under Section 632(a).

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

Dated: February 9, 2026

VENABLE LLP

By: ______________________
Ari N. Rothman
Josephine C. Hall

*Attorneys for Defendant*
O POSTIV, INC.

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuing a claim for violations of California Invasion of Privacy Act, Cal. Penal Code § 632, against O Positiv required the plaintiffs to allege that the alleged communications they had with O Positiv's website were "confidential" within the meaning of the statute. Cal. Penal Code § 632(a); *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, *3 (N.D. Cal. Oct. 23, 2019) (Chhabria, J.). However, plaintiffs failed to and cannot allege any of their internet-based communications they claim they had with O Positiv's website were confidential because they failed to and cannot plausibly allege that they had any reasonable expectation of privacy while shopping for nutritional supplements online. Accordingly, the Court should dismiss plaintiffs' Section 632 claim (Count II) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. ALLEGATIONS IN PLAINTIFFS' COMPLAINT

O Positiv sells women's health supplements online at its website www.opositiv.com. (Compl. ¶¶ 1–2.) Plaintiffs allege that while visiting O Positiv's website, they communicated with O Positiv through its website by selecting "'FLO Period & Hormones' from the initial drop-down menu," and then selecting items from sub-drop-down menus which "indicat[ed] to [O Positiv] that she wished to view" certain products that O Positiv was offering for sale. (Id. at ¶¶ 10, 16.) These "communications," plaintiffs allege, were intercepted in transit by certain third parties without the plaintiffs' consent. (Id.) Plaintiffs allege that the communications intercepted on O Positiv's website were "sensitive communications" because they were related to their "sexual and reproductive health." (Id. at ¶¶ 11, 17.)

Plaintiffs allege that O Positiv's website uses third-party technologies that collect information about visitors' interactions with the site. (Id. at ¶ 35.) The alleged data collection includes webpages visited and associated URLs, navigation and browsing behavior, mouse movements, scrolling activity, clicks on links and menus, time spent on pages, and interactions related to viewing or purchasing products. (Compl. ¶¶ 35, 55, 82, 97, 112, 122, 125.)

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

Plaintiffs claim that conduct they alleged establishes that O Positiv violated California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq.* ("CIPA"), specifically Sections 631(a) and 632. (Compl. ¶ 4.) For the reasons herein, plaintiffs' Section 632 claim fails as a matter of law because none of the alleged communications plaintiffs had with O Positiv were confidential. O Positiv also disagrees that plaintiffs can maintain a claim for Section 631(a) and will pursue its defenses at the appropriate juncture.

## III. PLAINTIFFS' SECTION 632 CLAIM FAILS AS A MATTER OF LAW

### A. Legal Standard

Under Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 554, 570 (2007)); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 680 (N.D. Cal. 2021) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Even assuming all facts as true, a court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual [] allegations[,]" and therefore, "[m]ere 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 618-19 (N.D. Cal. 2021). Dismissal is warranted if there is an "absence of sufficient facts alleged to support a cognizable legal theory." *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1189, 1206 (S.D. Cal. 2024) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)) (dismissing privacy claim because the alleged data collected did not support a legal finding of a reasonable expectation of privacy).

### B. Plaintiffs Fail to State a CIPA Claim Under Section 632 (Count II)

Section 632 imposes liability on a person who, "intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication." Cal. Penal Code § 632(a). Under Section 632, a confidential communication is:

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

> any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Cal. Penal Code § 632(c).

"The California Supreme Court has concluded that a conversation is confidential within the meaning of Section 632 'if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.'" *Faulkner v. ADT Sec. Servs., Inc.*, 706 F. 3d 1017, 1019 (9th Cir. 2013) (quoting *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117 n. 7 (2006)). "The standard of confidentiality is 'an objective one defined in terms of reasonableness.'" *Id.* (quoting *Frio v. Superior Court,* 203 Cal. App. 3d 1480, 1488 (1988)). Section 632 "does not prohibit eavesdropping in general; it applies only to the use of 'any electronic amplifying or recording device' to eavesdrop upon or record a confidential communication." *Revitch*, 2019 WL 5485330, at *3 (quoting *People v. Soles*, 68 Cal. App. 3d 418, 419 (Cal. Ct. App. 1977)).

Plaintiffs' Section 632 claim fails as a matter of law because the internet communications they allege they had with O Positiv while they online shopped for supplements did not involve any confidential communication under the statute and the case law. Thus, they failed to allege an essential element needed to sustain their Section 632 claim, thereby mandating dismissal.

*1. Plaintiffs' alleged online communications are presumptively not confidential.*

"California courts presume that internet communications do not give rise to a reasonable expectation of privacy, in part because they are written communications that are by their very nature recorded." *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *5 (N.D. Cal. Jan. 20, 2026) (citing *Revitch*, 2019 WL 5485330, at *3 (collecting cases)). Indeed, "California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of section 632, because such communications can easily be shared by, for instance, the recipient(s) of the communications." *Campbell v. Facebook Inc.*, 77 F.

Supp. 3d 836, 849 (N.D. Cal. 2014) (finding no Section 632 violation in the internet context); *see also In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) ("Some decisions from the California appellate courts, however, suggest that internet-based communication cannot be confidential.").

In *In re Google*, the court found that plaintiffs failed to state a Section 632 claim based on allegations of internet communications because "[u]nlike phone conversations, email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications." 2013 WL 5423918, at *23. Therefore, plaintiffs could not "plausibly allege[] that they had an objectively reasonable expectation that their email communications were 'confidential' under the terms of section 632." *Id.*

Likewise, in *In re Apple Data Priv. Litig.*, the court found that plaintiffs failed to overcome the presumption that internet communications do not give rise to a reasonable expectation of privacy where plaintiffs' mobile devices requested services from Apple's servers that "then record[ed] the request and transmit[ted] the requested information back to the client devices." 2026 WL 146025, at *5. The court found "[c]onsumers may hold a subjective expectation that no usage data would be sent to Apple, but that expectation is objectively unreasonable" because "[n]o reasonable consumer would expect to engage in a transaction with Apple without *some* data being collected from Apple to process that transaction." *Id.* at *6 (emphasis in original).

In *Revitch*, this Court dismissed plaintiff's Section 632 claim and held plaintiff could not "allege that his browsing activity and form field entries [fell] within the scope of confidential communications protected by section 632" because plaintiff's particular communications—"inquiring about items of clothing on a retail website"—did not "warrant[] a deviation from [the] general rule" that internet communications are presumed to be not confidential within the meaning of Section 632. 2019 WL 5485330, at *3. This Court dismissed the Section 632 claim with prejudice because plaintiff had not identified a way, "nor [could] the Court conceive of a way, to successfully amend it." *Id.*

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

Here, the only communications plaintiffs allege give rise to their Section 632 claim are internet communications involving their selection and purchases of nutritional supplements from a drop-down menu on O Positiv's website. (Compl. ¶¶ 10, 16.) Accordingly, plaintiffs are presumed to have had no "objectively reasonable expectation" that their alleged internet communications would be confidential. *Revitch,* 2019 WL 5485330, at *3; *see also Luminate Home Loans, Inc. v. Better Mortg. Co*., No. 24-CV-02251-BAS-MSB, 2026 WL 102686, at *22 (S.D. Cal. Jan. 14, 2026) (finding no Section 632 violation relating to Zoom calls because "Zoom calls take place over the internet" and the court found "they are not 'confidential communications' that can provide the basis for a CIPA § 632(a) claim.").

*2. Plaintiffs' allegations do not and cannot overcome the presumption that internet communications are not confidential.*

To overcome the presumption, "plaintiffs must plead unique, definite circumstances rebutting California's presumption against online confidentiality." *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021). Plaintiffs failed to and cannot plead unique, definite circumstances to overcome the presumption.

Like the plaintiff in *Revitch*, plaintiffs here allege they communicated with O Postiv's website to search for products on a retail website. 2019 WL 5485330, at *3; (Compl. ¶¶ 10, 16). Plaintiffs describe their communications as "confidential as they concerned Plaintiffs', Class Members' and Subclass Members' interest or intent to purchase products for their reproductive or sexual health — which is sensitive information." (Id. at ¶ 155.) But the nature of the communication does not make the communication confidential under the law; rather, a communication is confidential under Section 632 "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Faulkner*, 706 F.3d at 1019; *Lopez,* 519 F. Supp. 3d at 689–90 (dismissing Section 632 claim where plaintiffs failed to allege confidential communications through the use of iPhones's virtual assistant Siri because it was not a circumstance supporting a reasonable expectation of privacy, given their typical use in public settings). Nothing in plaintiffs' complaint gives rise to an "objectively

reasonable expectation" that plaintiffs' conversations were not being overheard or recorded on a website accessible to anyone with an internet connection.

Plaintiffs also allege that "[w]hen communicating with O Positiv, Plaintiffs, Class Members and California Subclass Members had an objectively reasonable expectation of privacy based on the nature of the products they browsed for" (Compl. ¶ 157). But this expectation is a mere legal conclusion and would not be reasonable as a matter of law even if the Court construes it as a factual allegation. Due to the "inherent nature of the internet," several courts, both in the Ninth Circuit and outside, have found that consumers do not have a reasonable expectation of privacy over their activity on the internet. *Thomas v. Papa Johns Int'l, Inc.,* No. 22CV2012 DMS (MSB), 2024 WL 2060140, at *2, 4 (S.D. Cal. May 8, 2024), *aff'd sub nom. Thomas v. Papa John's Int'l, Inc.,* No. 24-3557, 2025 WL 1704437 (9th Cir. June 18, 2025) (holding that the plaintiff had no reasonable expectation of privacy in her "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), [and] URLs of web pages visited"); *D'Angelo v. Penny OpCo, LLC*, No. 23-cv-0981-BAS-DDL, 2023 WL 7006793, at *11 (S.D. Cal. Oct. 24, 2023) ("[A]ccepted community norms around conversations in this type of space (a commercial website for selling merchandise) point away from a reasonable expectation of privacy."); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 524–25 (C.D. Cal. 2021) (plaintiff did not have "a reasonable expectation of privacy over his activity on Nike's Website"); *Saeedy v. Microsoft Corp.*, No. 23-cv-1104, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023) (finding "mouse movements, clicks, keystrokes, keywords, URLs of web pages visited, product preferences, interactions on a website, search words typed into a search bar, user/device identifiers, anonymized data, product selections to a shopping cart, and website browsing activities" are not the types of information in which plaintiffs could have "a reasonable expectation of privacy"); *Farst v. AutoZone, Inc.*, 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023) ("Shopping on a public website, like shopping in a public store, is not an activity one can reasonably expect to keep private from the retailer.").

Here, plaintiffs allege visitors to O Positiv's website had their mouse movements, scrolls, clicks, and the URL of the webpage visited intercepted by a third party. (Compl. ¶¶ 55, 82, 97,



VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

112, 122, 125.) The case law conclusively establishes that plaintiffs, and any other potential putative class member, do not have any reasonable expectation of privacy over these types of activity on the internet. *Papa John's Int'l, Inc.,* 2024 WL 2060140, at *2; *Saeedy,* 2023 WL 8828852, at *4; *Farst,* 700 F. Supp. 3d at 230.

In *Rodriguez v. Google LLC*, the court found that although plaintiffs could "plausibly demonstrate an 'objectively reasonable expectation' that their communications with third-party apps would not 'recorded' by Google," plaintiffs still failed to state a Section 632 claim because "that expectation, fair as it is, does not reasonably give rise to the expectation that *nobody* (including the apps' developers) would record the communications." 2021 WL 2026726, at *7 (emphasis in original). Similarly, it is not plausible for plaintiffs to allege that they visited O Positiv's website to purchase supplements but did not expect that their alleged communications, including their purchase information, would not be recorded by anyone including O Positiv.

By contrast, the court in *R.C. v. Sussex Publishers, LLC*, No. 24-CV-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025), found plaintiffs had pleaded "unique, definite circumstances" to rebut California's presumption where plaintiffs alleged that the recorded information included the plaintiffs' "specific medical or mental health symptoms and concerns giving rise to the need for therapy," the type of mental health care treatment the plaintiff sought, "information concerning the user's gender, ethnicity, and faith preferences regarding the therapist," the city and zip code of preferred therapists, "the user's health insurance provider," and "information regarding the mental health providers viewed and/or contacted if that was done directly through the website." *Id.* at *1, 9. The court contrasted this information with "inquiring about items of clothing on a retail website" in *Revitch*, which was held non-confidential as a matter of law. *Id.* at *9. Plaintiffs' allegations here—that they shopped for and purchased health supplements online—do not involve specific medical information, mental health conditions, preferences for therapists, or health insurance information as in *Sussex Publishers*. Rather, their online shopping is materially identical to retail shopping preferences as in *Revitch*.

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

VENABLE LLP
2049 CENTURY PARK E, SUITE 3400
LOS ANGELES, CA 90067
TEL: 310-229-9900

Accordingly, plaintiffs failed to and cannot plausibly allege "unique, definite circumstances rebutting California's presumption against online confidentiality," *Rodriguez*, 2021 WL 2026726, at *7, and their claim must be dismissed. *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *8 (finding "Plaintiffs have not adequately pled a claim under CIPA Section 632 [because] [t]heir allegations do not overcome the presumption that the data Apple collects is 'confidential'"). Because plaintiffs' alleged communications were not confidential under Section 632 or the caselaw, their section 632 claim fails as a matter of law and the Court should dismiss Count II of plaintiffs' complaint pursuant to Rule 12(b)(6).

### C. Leave to Amend Should Be Denied

"A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, there is no way for plaintiffs to plausibly allege that any of their internet-based communications were confidential under Section 632 or the case law. *Revitch,* 2019 WL 5485330, at *3; *In re Cloudera, Inc.*, 121 F. 4th 1180, 1189–90 (9th Cir. 2024) (affirming denial of leave to amend where doing so would be futile). Thus, the Court should grant O Positiv's motion to dismiss with prejudice and without leave to amend.

## IV. CONCLUSION

For any and all of these reasons, the Court should dismiss with prejudice plaintiffs' Section 632 claim, Count II, for failure to state a claim pursuant to Rule 12(b)(6).

Dated: February 9, 2026

VENABLE LLP

By: ______________________
Ari N. Rothman
Josephine C. Hall
*Attorneys for Defendant*
O POSTIV, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, CA 90067.

On, **February 9, 2026**, I served a copy ☒ / original ☐ of the foregoing document(s) described as **DEFENDANT'S MOTION TO DISMISS** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Ines Diaz Villafana<br>BURSOR & FISHER, P.A.<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Email: idiaz@bursor.com<br><br>Max S. Roberts<br>BURSOR & FISHER, P.A.<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (646) 837-7150<br>Email: mroberts@bursor.com | *Attorneys for Plaintiffs* |

☒ **CM/ECF: (FRCP 5(b)(2)(E)) and (L.R. 5-1(h):** Pursuant to FRCP 5(b)(2)(E) and Local Rule 5-1(h), I served the above stated document by e-file via the Court's Electronic Filing System, upon the counsel on the Court's Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 9, 2026**, at Los Angeles, California.

Jerod Williams